**Peter KOWALEVICH, Plaintiff–Appellant,**

v.

**NAILITE INTERNATIONAL INC., Defendants–Appellees.**

No. 01–1244.

United States Court of Appeals, Federal Circuit.

DECIDED: May 21, 2002.

Before SCHALL, DYK, and PROST, Circuit Judges.

PROST, Circuit Judge.

Peter Kowalevich appeals the final decision of the United States District Court for the Eastern District of New York, holding that Nailite International, Inc. ("Nailite") did not misappropriate Mr. Kowalevich's trade secret or breach their confidentiality agreement under New York law and dismissing Mr. Kowalevich's claim that he was an unnamed inventor of Nailite's United States Patent 5,537,792 ("the '792 patent"). *Kowalevich v. Nailite Int'l, Inc.*, No. CV 98–4634, slip. op. at 12–13 (E.D.N.Y. Dec. 18, 2000) ("*Kowalevich*"). We have jurisdiction under 28 U.S.C. § 1295(a)(1), including pendant jurisdiction of Mr. Kowalevich's state law claims of trade secret misappropriation and breach of contract. *Roton Barrier, Inc. v. Stanley Works,* 79 F.3d 1112, 1116, 37 USPQ2d 1816, 1819 (Fed.Cir.1996). Because the district court did not err when it concluded that Nailite did not use any information from the alleged trade secret in developing its own siding panels and that Mr. Kowalevich failed to demonstrate that he made a significant contribution to the conception of the '792 patent, we *affirm.*

## DISCUSSION

### The Trade Secret Claims

Federal courts apply the trade secret law of the appropriate state. *Roton Barrier,* 79 F.3d at 1116, 37 USPQ2d at 1819. *See also Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 670, 7 USPQ2d

1097, 1105 (Fed.Cir.1988). Consequently, this case is governed by New York law.

To succeed under New York law on a claim for trade secret misappropriation, a plaintiff must show: "(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *Tactica Int'l, Inc. v. Atl. Horizon Int'l, Inc.*, 154 F.Supp.2d 586, 606 (S.D.N.Y.2001) (quoting *N. Alt. Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44 (2d Cir.1999)). New York law follows the definition of "trade secret" set forth in section 757 of the Restatement (First) of Torts. *Softel, Inc. v. Dragon Med. and Scientific Communications, Inc.*, 118 F.3d 955, 968 (2d Cir.1997), cert. denied, 523 U.S. 1020, 118 S.Ct. 1300, 140 L.Ed.2d 466 (1998); *See also Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 407, 604 N.Y.S.2d 912, 624 N.E.2d 1007 (1993). Section 757 defines a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757 cmt. b, at 5. "Under the Restatement's approach, novelty—at least as that term is used in patent law—is not required in a trade secret." *Softel, Inc.*, 118 F.3d at 968. See also § 757 cmt. b., at 6–7 ("Novelty and invention are not requi-

site for a trade secret as they are for patentability.").[1]

◼ The district court found that Mr. Kowalevich failed to demonstrate that Nailite had used any information from his alleged trade secret to develop its two-tier plastic perfection panel and concluded that Mr. Kowalevich had not sustained the burden of proof necessary to establish trade secret misappropriation. *Id.* at 12. The court's factual findings are not clearly erroneous, and its legal conclusion is correct as a matter of law. As the Second Circuit held in *North Atlantic Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44 (2d Cir.1999), a successful trade secret misappropriation plaintiff must show not only that the defendant possessed its trade secret, but also that the defendant *used* that trade secret. In the instant case, the record supports the district court's determination that Nailite created its panel independently and consequently did not use any information from Mr. Kowalevich. As such, the court correctly concluded that Nailite did not misappropriate Mr. Kowalevich's alleged trade secret, and we affirm.

The district court also held that Mr. Kowalevich failed to demonstrate that Nailite had breached their confidentiality agreement. *Kowalevich* at 12. Acting in his capacity as Nailite's vice president, Dallas Crick signed this agreement in April of 1988, thereby acknowledging that Mr. Kowalevich would reveal certain infor-

1. New York law does, however, impose its own novelty requirement on trade secret cases, although this standard is "much weaker" than that mandated by the patent law under 35 U.S.C. § 102. *Softel, Inc.*, 118 F.3d at 969. In *Nadel v. Play–By–Play Toys & Novelties, Inc.*, 208 F.3d 368, 380, 54 USPQ2d 1810 (2d Cir.2000), the Second Circuit held:

> New York law in submission-of-ideas case is governed by the following principles: Contract-based claims require only a showing that the disclosed idea was novel to the

> buyer in order to furnish consideration. . . . By contrast, misappropriation claims require that the idea at issue be original and novel in absolute terms.

*Id.* at 380, 208 F.3d 368, 54 USPQ2d at 1817. While *Nadel* was an idea-submitter case, the New York courts have required an identical showing of "novelty" to support a trade secret claim. *See Softel, Inc.*, 118 F.3d at 969 n. 11 (holding that "New York law requires this same showing of 'novelty' in a trade secret claim" as in submission-of-idea cases).

mation concerning his ideas for plastic perfection panels to Nailite in exchange for Nailite's "agreement to maintain the Information in strict confidence and not disclose or *use the Information* for [Nailite] or any third party." *Id.* at 4 (emphasis added). Because we affirm the district court's finding that Nailite did not use Mr. Kowalevich's alleged trade secret in developing its own plastic perfection panels, we affirm the court's conclusion that Nailite did not breach the confidentiality agreement.

### Prior Inventorship Under 35 U.S.C. § 256

Section 256 authorizes judicial resolution of inventorship contests over issued patents. 35 U.S.C. § 256; *MCV, Inc. v. King–Seeley Thermos Co.*, 870 F.2d 1568, 1570, 10 USPQ2d 1287, 1289 (Fed.Cir. 1989). Inventors named in an issued patent are presumed to be correct, however, and an alleged prior inventor bears the heavy burden of demonstrating nonjoinder by clear and convincing evidence. *See Hess v. Advanced Cardiovascular Sys.*, 106 F.3d 976, 980, 41 USPQ2d 1782, 1785–86 (Fed.Cir.1997). In order to bring a successful claim under section 256, an alleged prior inventor must therefore prove that he made a significant contribution to the conception of the invention claimed in the patent. *See id.* "Conception, and consequently inventorship, are questions of law" that this court reviews *de novo*, while the court's underlying factual determinations are reviewed for clear error. *Sewall v. Walters*, 21 F.3d 411, 415, 30 USPQ2d 1356, 1358 (Fed.Cir.1994).

■ The district court did not err when it dismissed Mr. Kowalevich's claims of prior inventorship under section 256. As discussed above, the district court correctly found that Nailite did not use any information from Mr. Kowalevich in developing its own two-tier perfection panel. *Kowale-*

*vich* at 12. Consequently, Mr. Kowalevich failed to prove that he made a significant contribution to the conception of the '792 patent, and we affirm.